UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- x
                                                       :

LP FUNDING, LLC,                     :

                                                   : 15-cv-4081 (LTS) (KNF)

               Plaintiff,       :

                                                   : ECF CASE

   – against –                  :

                                                   : **ANSWER AND**

TANTECH HOLDINGS, LTD.,     : **AFFIRMATIVE DEFENSES**

               Defendant.      :
------------------------------------------- x

      Defendant Tantech Holdings, Ltd. ("Tantech"), by and through its attorneys, Sullivan & Worcester LLP, as and for its Answer to the First Supplemental Complaint (the "Complaint") and its Affirmative Defenses, states as follows:

## ANSWER

### Nature of the Case

      1.     Tantech denies the allegations in paragraph 1 of the Complaint, except admits that Exhibit A to the Complaint is a letter dated August 30, 2013 from plaintiff to Tantech ("Exhibit A") and respectfully refers the Court to Exhibit A for a true and complete statement of its terms.

      2.     Tantech denies the allegations in paragraph 2 of the Complaint.

### Parties

      3.     Tantech denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

      4.     Tantech admits the allegations in paragraph 4 of the Complaint.

Jurisdiction and Venue

5. Tantech denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Tantech denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Tantech admits the allegations in paragraph 7 of the Complaint.

8. Tantech denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Tantech denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

Facts

10. In response to the allegations in paragraph 10 of the Complaint, Tantech respectfully refers the Court to Exhibit A for a true and complete statement of its terms and otherwise denies the allegations in paragraph 10 of the Complaint.

11. In response to the allegations in paragraph 11 of the Complaint, Tantech respectfully refers the Court to Exhibit A for a true and complete statement of its terms and otherwise denies the allegations in paragraph 11 of the Complaint.

12. In response to the allegations in paragraph 12 of the Complaint, Tantech respectfully refers the Court to Exhibit A for a true and complete statement of its terms and otherwise denies the allegations in paragraph 12 of the Complaint.

13. In response to the allegations in paragraph 13 of the Complaint, Tantech respectfully refers the Court to Exhibit A for a true and complete statement of its terms and otherwise denies the allegations in paragraph 13 of the Complaint.

14. Tantech denies the allegations in paragraph 14 of the Complaint, except admits that Exhibit B to the Complaint is a document discussing Tantech's initial public offering and respectfully refers the Court to Exhibit B for a true and complete statement of its terms.

15. Tantech denies the allegations in paragraph 15 of the Complaint.

16. Tantech denies the allegations in paragraph 16 of the Complaint, except admits that Exhibit C to the Complaint is a letter dated May 1, 2015 from plaintiff to Tantech and respectfully refers the Court to Exhibit C for a true and complete statement of its terms.

Causes of Action: Count I -- Breach of Contract

17. Tantech incorporates by reference its responses to each and every allegation contained in paragraphs 1 through 16 above as fully set forth herein.

18. In response to the allegations in paragraph 18 of the Complaint, Tantech respectfully refers the Court to Exhibit A for a true and complete statement of its terms and otherwise denies the allegations in paragraph 18 of the Complaint.

19. Tantech denies the allegations in paragraph 19 of the Complaint.

20. Tantech denies the allegations in paragraph 20 of the Complaint.

21. Tantech denies the allegations in paragraph 21 of the Complaint.

22. Tantech denies the allegations in paragraph 22 of the Complaint.

**GENERAL DENIAL**

Except as otherwise expressly admitted in paragraphs 1 through 22 above, Tantech denies each and every allegation of paragraphs 1 through and including 22 of the Complaint, including, without limitation, the introduction, headings and subheadings contained in the Complaint, and Tantech specifically denies any liability to plaintiff.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

One or more conditions precedent to Tantech's performance were not fulfilled.

### **THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred because Tantech terminated Exhibit A.

### **FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred by the parties' course of dealing and performance, industry practice and/or industry standards.

### **FIFTH AFFIRMATIVE DEFENSE**

Tantech at all times acted pursuant to its rights under Exhibit A or at law, and otherwise discharged each and every obligation that may have been owed to plaintiff.

### **SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred or limited, in whole or in part, by the doctrine of estoppel.

### **SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred or limited, in whole or in part, by the doctrine of waiver.

### **EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred or limited, in whole or in part, by the doctrine of mistake.

### **NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred or limited, in whole or in part, by documentary evidence.

### **TENTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered any cognizable injury.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has not sustained any compensable damages for which Tantech may be liable.

**TWELFTH AFFIRMATIVE DEFENSE**

If plaintiff did sustain any compensable damages, plaintiff failed to mitigate its damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff does not have any contractual or other basis for recovering compensatory damages, interest, costs or any other relief in this matter.

Tantech reserves the right to assert counterclaims and/or additional defenses and/or the right to supplement, alter and change its Answer and/or its Affirmative Defenses based upon information learned or developed during discovery or investigation in connection with this action.

Dated: New York, New York
         October 2, 2015

SULLIVAN & WORCESTER LLP

By: /s/ Harry H. Rimm
    Harry H. Rimm
    Clark A. Freeman

    1633 Broadway
    New York, New York 10019
    Telephone: (212) 660-3000
    Facsimile: (212) 660-3001

    *Attorneys for Defendant
       Tantech Holdings, Ltd.*