**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LP FUNDING, LLC,

                Plaintiff,
    v.

TANTECH HOLDINGS, LTD.,

                Defendant,

15 Civ. 4081 (LTS) (KNF)

### PRELIMINARY PRE-TRIAL STATEMENT

Pursuant to the Court's Initial Conference Order and Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff LP Funding, LLC ("Plaintiff" or "LP Funding") and Defendant Tantech Holdings, Ltd. ("Defendant" or "Tantech") (collectively, the "Parties") respectfully submit this Preliminary Pre-Trial Statement.

    a. **Nature of the Action**

This is a breach of contract action arising out of an alleged agreement between the Parties relating to the provision of certain services in connection with Tantech's initial public offering on a stock exchange in the United States (the "Agreement").

    b. **Pending Related Criminal or Civil Actions**

There are no pending related criminal or civil actions.

    c. **Each Party's Position as to the Basis of Jurisdiction**

Plaintiff's Position:

This Court has jurisdiction pursuant to Title 28 U.S.C. § 1332.

Tantech's Position:

Tantech states that, based on the information alleged in the First Supplemental Complaint, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2) based on diversity of citizenship.  Tantech is incorporated under the laws of the British Virgin Islands, with its principal place of business in China.  Plaintiff alleges that it is a single-member Nevada limited liability company, with its principal place of business in New York, New York.  Plaintiff further alleges, upon information and belief, that its sole member is a citizen of Chicago, Illinois.  The alleged damages at issue in this case exceed $75,000.

d.  **Material Uncontested Facts**

The Parties are unable to agree on any material facts which are not in dispute.

e.  **Material Uncontested Legal Issues**

The Parties agree in principle on the elements of a claim for breach of contract.

f.  **Legal Issues to Be Decided by the Court**

At this time, the Parties do not anticipate any disputed issues of law to be decided by the Court.

g.  **Each Party's Statement of Material Disputed Facts**

Plaintiff's Statement:

LP Funding is, and at all relevant times was, a Nevada limited liability company whose principal place of business is located at 500 East 77th Street, Suite 1709, New York, New York 10162.  On or about August 30, 2014, the Parties entered into the Agreement wherein LP Funding would introduce Defendant to an investment bank for the purposes of Defendant completing an initial public offering ("IPO") on a stock exchange located in the United States.

After Defendant Tantech concluded such IPO, LP Funding was to perform certain services "at [Defendant's] direction[.]" In exchange for LP Funding's (1) introduction of the company to an investment banking firm to handle Defendant's IPO and (2) performance of certain services at Defendant Tantech's direction, the Agreement required Defendant to pay LP Funding as follows:

> A. Upon the <u>closing</u> of the IPO, Defendant was to provide LP Funding with a warrant (the "Warrant") to acquire 250,000 shares of Defendant's common stock at 120% of the IPO share price; and
>
> B. Such warrant (1) was to be exercisable at any time during the five years commencing with the date of issuance, (2) was to contain customary provisions concerning anti-dilution, rights of co-sale or registration, etc., (3) was to contain a provision enabling LP Funding to effect a net issuance (cashless exercise), and (4) would be transferrable to LP Funding's employees or affiliates.

LP Funding introduced Defendant Tantech to two investment banks: Burnham Securities, Inc. ("Burnham"), and View Trade Securities, Inc. ("View Trade"). Defendant initially engaged Burnham to complete its IPO, but later terminated such engagement prior to the completion of any IPO. Ultimately, Defendant Tantech engaged View Trade, and View Trade completed Defendant's IPO on the NASDAQ.

As required under the Agreement, LP Funding remained willing and able to perform the services listed in the Agreement at Defendant's direction for a period of one (1) year after the closing of Defendant's IPO. However, Defendant Tantech never directed LP Funding to perform any such services, but never terminated the Agreement between the Parties. Pursuant to the terms of the Agreement, Defendant Tantech had the ability to terminate the Agreement at any

time by giving LP Funding at least thirty (30) business days prior written notice of such termination.

On approximately May 1, 2015, LP Funding sent Defendant Tantech a letter requesting that Defendant abide by the terms of the Agreement by issuing the Warrant.  However, Defendant refused to issue the Warrant.

Defendant's Statement:

Tantech has not breached the alleged Agreement under which Plaintiff purports to sue. Even assuming *arguendo* that the alleged Agreement is valid, Plaintiff's claim for breach of contract is barred for numerous reasons, including, but not limited to, the failure of at least one condition precedent and Tantech's termination of the alleged Agreement.

    **h. Legal Bases for Plaintiff's Causes of Action**

Plaintiff's claims are based on breach of contract under New York law.  *See Keady v. Nike, Inc.*, 116 F.Supp.2d 428, 438 (S.D.N.Y.2000); *Coastal Aviation, Inc. v. Commander Aircraft Co.*, 937 F.Supp. 1051 (S.D.N.Y.1996).

    **i. Legal Bases for Defendant's Defenses**

Tantech has raised numerous defenses in its Answer.  The First Supplemental Complaint fails to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  Plaintiff's claim is barred or limited, in whole or in part, by the doctrine of waiver.  *See CDO Plus Master Fund Ltd. v. Wachovia Bank, N.A.*, No. 07 Civ. 11078 (LTS) (AJP), 2009 WL 2033048 (S.D.N.Y. July 13, 2009).  One or more conditions precedent to Tantech's performance have not been satisfied.  *See Edelman Arts, Inc. v. Art Int'l (UK) Ltd.*, 841 F. Supp. 2d 810 (S.D.N.Y. 2012).  Plaintiff's claim is barred or limited, in whole or in part, by the doctrine of mistake.  22 N.Y. Jur. 2d Contracts § 120.  Plaintiff's claim is barred or limited, in whole or in part, by the

doctrine of estoppel.  *See DeCarlo v. Archie Comic Publications, Inc.*, 127 F. Supp. 2d 497 (S.D.N.Y.) *aff'd*, 11 F. App'x 26 (2d Cir. 2001).  Plaintiff's claim is barred or limited, in whole or in part, by documentary evidence.  *See Stockalert, Inc. v. Nasdaq Stock Mkt., Inc.*, No. 95 Civ. 9335 (JFK), 1998 WL 556036 (S.D.N.Y. Sept. 1, 1998).  If plaintiff did sustain any compensable damages, plaintiff failed to mitigate its damages.  *See M. Golodetz Exp. Corp. v. S/S Lake Anja*, 751 F.2d 1103 (2d Cir. 1985).

Tantech also assert numerous defenses that are primarily factual in nature, including, but not limited to, the following: Tantech terminated the Agreement; Plaintiff has neither suffered any cognizable damages nor any damages for which Tantech may be held liable; Plaintiff's claim is barred by the parties' course of dealing and performance, industry practice and/or industry standards; Plaintiff does not have any contractual or other basis for recovering compensatory damages, interest, costs or any other relief; and Tantech at all times acted pursuant to its rights under the Agreement or at law and otherwise discharged each and every obligation that may have been owed to plaintiff.

### j. Proof

Plaintiff has the burden of establishing all elements of its breach of contract claim by a preponderance of evidence.  Defendant has the burden of establishing its affirmative defenses by a preponderance of evidence.

### k. Amendments to Pleadings/Addition of Parties

The Parties do not presently believe that the pleadings need to be amended or that any additional parties need to be joined at this time.  However, the Parties reserve the right to amend the pleadings and join additional parties as discovery proceeds in accordance with the Federal Rules of Civil Procedure and the Rules of this Court.  In compliance with the Initial Conference

Order, the Parties have discussed and agreed to the following deadline for amending the pleadings and joining additional parties: January 4, 2016.

**l.  Consent to Proceed Before Magistrate Judge**

The Parties do not consent to proceed before a Magistrate Judge for all purposes.

**m.  Fed. R. Civ. P. 26(a)(1) Disclosures**

The Parties do not anticipate any changes to the form or requirements of the disclosures under Fed. R. Civ. P. 26(a) and have agreed that such disclosures should be served on or before November 13, 2015.

**n.  Discovery**

The Parties anticipate that discovery will be needed on at least the following topics:

1. The validity of the Agreement;
2. Obligations of the Parties under the Agreement;
3. Extent of each Parties' performance of the Agreement; and
4. Any alleged termination of the Agreement.

The Parties do not believe that discovery should be conducted in phases or limited or focused on particular subjects.  However, Tantech is located outside of the United States, and additional arrangements for discovery may be necessary.  The Parties agree to the following discovery cut-off date:  June 3, 2016.

In addition, China has blocking statutes, its State Secrets Law and certain other privacy laws, that may apply and may affect the cross-border transfer of certain documents, including the disclosure of documents in foreign litigation.  As a result, Tantech believes that document production in this matter may need to be conducted pursuant to and in compliance with the Hague Evidence Convention.  At this time, Tantech anticipates that there may need to be at least two rounds of attorney review of its documents: Chinese lawyers will likely need to review

Tantech's documents initially before sending them to the United States to ensure that disclosure will not violate Chinese law, and the undersigned, as Tantech's U.S. counsel, then will review the documents for responsiveness and privilege.

o. **Expert Discovery**

At this time, the Parties do not anticipate that expert discovery will be necessary.

p. **Changes in Limitations on Discovery**

The Parties do not anticipate that any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules are necessary.

q. **Settlement**

The Parties have not commenced settlement discussions. However, the Parties are open to possible pretrial settlement. No mediation process has been initiated, though the Parties remain willing to consider such procedures.

r. **Trial By Jury**

The Parties request a trial by jury and anticipate that the trial will last approximately 5 business days.

s. **Other Orders**

The Parties propose entry of a case scheduling order containing the following deadlines:

| | |
|---|---|
| Written Initial Disclosures (Fed. R. Civ. P. 26(a)) | November 13, 2015 |
| Fact Discovery Closes | June 3, 2016 |
| Last Day to File Dispositive Motions | TBD |
| Last Day to File Motions in Limine | TBD |

The Parties also anticipate submitting for Court approval a Joint Proposed Confidentiality Stipulation and Order that will govern the use of any confidential discovery materials and

7

contain a claw-back provision for inadvertently produced material that may be privileged or otherwise protected.

Dated: Coral Gables, Florida       New York, New York
       October 23, 2015       October 23, 2015

**HUNTER TAUBMAN FISCHER LLC**        **SULLIVAN & WORCESTER LLP**

By:   /s/ Jenny Johnson-Sardella       By:   /s/ Harry H. Rimm

Mark David Hunter       Harry H. Rimm
Jenny Johnson-Sardella       Clark A. Freeman
255 University Drive       1633 Broadway
Coral Gables, Florida 33134       New York, New York 10019
Telephone: (305) 629-8816       Telephone: (212) 660-3000
Fax: (305) 629-8877       Fax: (212) 660-3001
E-Mail: jsardella@htflawyers.com       Email: hrimm@sandw.com
      mhunter@htflawyers.com             cfreeman@sandw.com

*Attorneys for Plaintiff LP Funding, LLC*       *Attorneys for Defendant Tantech Holdings, Ltd.*