UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :

LP FUNDING, LLC,                                                    :

                                                  : 15 Civ. 4081 (LTS) (KNF)

                      Plaintiff,                 :

                                                  :

             – against –                            :

                                                      :

TANTECH HOLDINGS, LTD.,                                   :

                                                  :

                     Defendant.              :

                                                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT TANTECH HOLDINGS, LTD.'S REPLY MEMORANDUM
IN FURTHER SUPPORT OF MOTION TO AMEND ANSWER TO ADD
<u>COUNTERCLAIMS AND COUNTERCLAIM-DEFENDANT</u>**

**SULLIVAN & WORCESTER LLP**

1633 Broadway
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001

*Attorneys for Defendant Tantech Holdings, Ltd.*

## <u>TABLE OF CONTENTS</u>

ARGUMENT ............................................................................................................... 1

I.     The Amendment to Add Counterclaims Should be Allowed ............................................. 1

       a.  The Counterclaims Adequately Allege Fraudulent Intent ................................................. 3

       b.  The Counterclaims Adequately Allege Reasonable Reliance .......................................... 6

II.    The Amendment to Add Counterclaim-Defendant Should be Allowed ............................... 9

       CONCLUSION ..................................................................................................... 10

# **TABLE OF AUTHORITIES**

<u>Cases</u>

*Acticon AG v. China N.E. Petroleum Holdings Ltd.,*
  615 F. App'x 44 (2d Cir. 2015) ............................................................................. 3

*Am. Home Assur. Co. v. Merck & Co.,*
  No. 03 Civ. 3850 (VM), 2004 WL 2149103 (S.D.N.Y. Sept. 24, 2004) ................................ 10

*Bangkok Crafts Corp. v. Capitolo Di San Pietro in Vaticano,*
  No. 03 Civ. 15 (RWS), 2007 WL 1687044 (S.D.N.Y. June 11, 2007) ..................................... 6

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ............................................................................................. 1

*CCM Rochester, Inc. v. Federated Inv'rs, Inc.,*
  No. 14 Civ. 3600 (VEC), 2014 WL 6674480 (S.D.N.Y. Nov. 25, 2014) ............................. 7, 8

*Cohen v. Koenig,*
  25 F.3d 1168 (2d Cir. 1994) ............................................................................... 2, 3

*Dovitz v. Rare Medium Grp., Inc.,*
  No. 01 Civ. 10196 (LLS), 2003 WL 1057426 (S.D.N.Y. Mar. 10, 2003) ............................. 7, 8

*Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC,*
  783 F.3d 395 (2d Cir. 2015) ................................................................................. 2

*Foman v. Davis,*
  371 U.S. 178 (1962) ............................................................................................ 1

*Freidus v. Barclays Bank PLC,*
  734 F.3d 132 (2d Cir. 2013) ................................................................................. 1

*Goldman v. Belden,*
  754 F.2d 1059 (2d Cir. 1985) ............................................................................... 3

*Junk v. Aon Corp.,*
  No. 07 Civ. 4640 (LMM), 2007 WL 4292034 (S.D.N.Y. Dec. 3, 2007) ............................. 8

*Kiobel v. Royal Dutch Petroleum Co.,*
  621 F.3d 111 (2d Cir. 2010) ................................................................................. 1

*Lawrence v. Starbucks Corp.,*
  No. 08 Civ. 3734 (LTS), 2009 WL 4794247 (S.D.N.Y. Dec. 10, 2009) .............................. 9

*Robinson v. Deutsche Bank Trust Co. Americas,*
  572 F. Supp. 2d 319 (S.D.N.Y. 2008) ................................................................... 8

*Sabo v. Delman,*
   3 N.Y.2d 155 (1957) ........................................................................................ 7

*Salomon v. Adderley Indus., Inc.,*
   960 F. Supp. 2d 502 (S.D.N.Y. 2013) ............................................................ 9

*Sokolow, Dunaud, Mercadier & Carreras LLP v. Lacher,*
   299 A.D.2d 64 (1st Dep't 2002) ..................................................................... 2

*Wurtsbaugh v. Banc of Am. Sec. LLC,*
   No. 05 Civ. 6220 (DLC), 2006 WL 1683416 (S.D.N.Y. June 20, 2006) .................. 8

<u>Rules</u>

Fed. R. Civ. P. 9(b) ................................................................................................ 2, 3

Fed. R. Civ. P. 15(a) ................................................................................................. 1

Fed. R. Civ. P. 21 ..................................................................................................... 9

Defendant Tantech Holdings, Ltd. ("Tantech") seeks to add two straightforward counterclaims against plaintiff -- fraudulent inducement and fraud -- and seeks to join William Luckman -- plaintiff's principal or senior officer who executed the fraudulent scheme -- as a Counterclaim-Defendant. Each of Tantech's proposed counterclaims is adequately pled and relates directly to the subject matter of plaintiff's claim, and the addition of Luckman as a Counterclaim-Defendant at this early stage is proper. For the reasons set forth herein and in Tantech's opening memorandum, Tantech's motion should be should be granted in its entirety.

## ARGUMENT

### I.    The Amendment to Add Counterclaims Should be Allowed

As plaintiff acknowledges, leave to amend a pleading should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a); *Freidus v. Barclays Bank PLC*, 734 F.3d 132, 140 (2d Cir. 2013) ("Leave to amend is to be freely given when justice requires."); *see* Plaintiff's Opposition Memorandum, dated Dec. 17, 2015 (the "Opposition Memo") at 2. Plaintiff argues only that the leave should be denied because the amendment to add counterclaims would be futile. *See* Opposition Memo at 3-6.

A proposed amendment is not futile if the factual allegations in the pleading are "enough to raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must assume "all well-pleaded, nonconclusory factual allegations in the complaint to be true" and draw all reasonable inferences in the plaintiff's favor. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010). "If the underlying facts or circumstances relied upon by [Tantech] may be a proper subject of relief, [it] ought to be afforded an opportunity to test [its] claim on the merits." *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Through its amendment, Tantech seeks to add counterclaims for fraudulent inducement and fraud.  Under New York law, to plead both fraud and fraudulent inducement, a plaintiff must allege "(1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 402 (2d Cir. 2015) (fraud); *see Sokolow, Dunaud, Mercadier & Carreras LLP v. Lacher*, 299 A.D.2d 64, 70 (1st Dep't 2002) (fraudulent inducement).

Here, plaintiff seems to suggest that Tantech fails to allege its counterclaims with the requisite particularity under Rule 9(b) of the Federal Rules of Civil Procedure.  *See* Opposition Memo at 5.  The counterclaims, however, allege with specificity the statements that Luckman made to Tantech -- at meetings held in June, July and November 2013 in Beijing, Lishui and Shanghai, China -- regarding his employment at Burnham Securities Inc. ("Burnham") and Burnham's fee for underwriting Tantech's initial public offering of common stock on a U.S. stock exchange (the "IPO").  *See* C.C. ¶¶ 7-10, 15-19, 39-40.  The counterclaims therefore amply meet the "who, what, when, where" requirement for pleading fraud.  *See Cohen v. Koenig*, 25 F.3d 1168, 1173 (2d Cir. 1994) (holding fraud pled with particularity where plaintiff identified speaker, statements and times and places of meetings where statements were made).

The only explicit arguments that plaintiff seems to make against amendment are that the counterclaims somehow fail to allege (i) fraudulent intent and (ii) reasonable reliance.  *See* Opposition Memo at 5-6.  Tellingly, plaintiff devotes only one page of its brief to its two substantive arguments against amendment.  *See id.*

a.    The Counterclaims Adequately Allege Fraudulent Intent

In a lone conclusory sentence, plaintiff asserts that the counterclaims do not adequately allege fraudulent intent.  *See* Opposition Memo at 5.  Plaintiff fails to provide any legal support for this argument.  *See id.*  Nor does it provide any factual explanation in support of its argument.  *See id.*  Plaintiff does not even cite to any specific paragraphs in the counterclaims.  *See id.*  For these reasons alone, plaintiff's argument cannot defeat Tantech's motion.

The Second Circuit has long held that a plaintiff needs only to plead a "minimal factual basis for [its] conclusory allegations of scienter."  *Cohen*, 25 F.3d at 1173.  This Circuit has further held that "great specificity [is] not required with respect to the allegations of knowledge and scienter."  *Goldman v. Belden*, 754 F.2d 1059, 1070 (2d Cir. 1985).  Indeed, under Rule 9(b), "[m]alice, intent, knowledge and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b).

Generally, "[a] plaintiff may 'plead scienter by (a) alleging facts demonstrating that defendants had both the motive and an opportunity to commit fraud or (b) otherwise alleging facts to show strong circumstantial evidence of defendants' conscious misbehavior or recklessness.'"  *Acticon AG v. China N. E. Petroleum Holdings Ltd.*, 615 F. App'x 44, 44-45 (2d Cir. 2015) (quoting *In re Scholastic Corp. Sec. Litig.,* 252 F.3d 63, 74 (2d Cir. 2001)).

First, the counterclaims plead -- in detail -- plaintiff's (and Luckman's) motive and opportunity to commit fraud.  The counterclaims allege that Luckman, plaintiff's principal or senior officer, misled Tantech as to the relationship between plaintiff and Burnham, the underwriter that Tantech sought to engage for its IPO, in order to induce Tantech to enter into the August 2013 agreement with plaintiff LP Funding (the "Agreement").  *See, e.g.*, C.C. ¶¶ 7-22, 31, 34-40, 46-50 57-59, 60, 62.

For example, in June 2013, at the first meeting between Luckman and Tantech, Luckman represented that he was responsible for Burnham's operations in China. *See* C.C. ¶ 8. Luckman further indicated that, in order to underwrite the IPO, Burnham would require a warrant to purchase 16% of the shares of Tantech's stock sold in the IPO. *See* C.C. ¶ 9. Meanwhile, Luckman never disclosed that he was associated with, employed by or negotiating on behalf of any entity other than Burnham. *See* C.C. ¶¶ 10-11.

At a July 2013 meeting between Burnham and Tantech, Luckman made similar representations and omissions. *See* C.C.  ¶¶ 13-22. Luckman traveled to Lishui, Zhejian Province, China to meet with Tantech. *See* C.C. ¶ 13. Luckman gave his business card with Burnham's name and logo on it to Tantech's representatives. *See* C.C. ¶¶ 14-15. Luckman's business card, which provided his Burnham email address, business address and phone number, indicated that he was "Consultant – Corporate Finance" at Burnham. *See* C.C. ¶¶ 15-16. Luckman marketed Burnham's services as an investment bank to Tantech and sought to have Tantech formally hire Burnham as underwriter for the IPO. *See* C.C. ¶ 17. Luckman repeated to Tantech that Burnham would require a 16% warrant to underwrite the IPO. *See* CC. ¶ 19. In addition, Tantech was advised that Luckman was the manager of Burnham's "China District" and was a member of Burnham's underwriting team. *See* C.C. ¶ 18.

The counterclaims further allege that plaintiff (and Luckman) made these false and/or misleading representations and omissions in order to induce Tantech to enter into the Agreement, when Tantech would not otherwise have done so had it known that the warrant for the purchase of shares of Tantech common stock (the "Warrant") provided for therein would not serve as compensation to Burnham for its services as underwriter. *See, e.g.*, C.C. ¶¶ 34-35, 50, 62.

Because the foregoing facts demonstrate plaintiff's (and Luckman's) motive and opportunity to commit fraud, the counterclaims adequately plead fraudulent intent.

Second, the counterclaims also plead strong circumstantial evidence of plaintiff's (and Luckman's) conscious misbehavior or recklessness.  The counterclaims allege that plaintiff and Luckman knowingly made omissions of material fact, including that Luckman was not acting solely on behalf of Burnham; that Luckman was in fact seeking to induce Tantech to hire plaintiff, a second and unrelated company; that Luckman was seeking to provide services to Tantech on behalf of plaintiff, not Burnham; and that the Warrant was not compensation for Burnham's services as underwriter.  *See, e.g.*, C.C. ¶¶ 46, 48, 57, 60, 62.  The counterclaims further allege that, at the meetings that occurred in or about June 2013 and July 2013, plaintiff and Luckman knowingly made material false representations to Tantech, including, but not limited to, stating that Burnham required a 16% warrant to underwrite the IPO and presenting Luckman's Burnham business card and email address to Tantech.  *See, e.g.*, C.C. ¶¶ 47-48, 57-58, 60, 62.  Similarly, at the November 2013 meeting, plaintiff and Luckman knowingly made the additional material false representation to Tantech that Luckman was providing services to Tantech solely on behalf of Burnham.  *See, e.g.*, C.C. ¶¶ 59-60, 62.  Because the foregoing facts provide strong circumstantial evidence of plaintiff's (and Luckman's) conscious misbehavior or recklessness, the counterclaims adequately plead fraudulent intent.

Tantech has alleged both motive and opportunity to commit fraud and strong circumstantial evidence of conscious misbehavior or recklessness, though either would be sufficient to sustain Tantech's motion to amend its answer to add counterclaims.  Therefore, Tantech's motion should be granted in its entirety.

b.      The Counterclaims Adequately Allege Reasonable Reliance[1]

"[A] plaintiff suing for fraud need only allege that [it] relied on the misrepresentations made by the defendant to overcome a motion to dismiss 'since the reasonableness of [its] reliance implicates factual issues whose resolution would be inappropriate at this early stage.'" *Bangkok Crafts Corp. v. Capitolo Di San Pietro in Vaticano*, No. 03 Civ. 15 (RWS), 2007 WL 1687044, at *5 (S.D.N.Y. June 11, 2007) (quoting *Internet Law Library, Inc. v. Southridge Capital Mgmt., L.L.C.,* 223 F. Supp. 2d 474, 485 (S.D.N.Y. 2002)); *ABF Capital Mgmt. v. Askin Capital Mgmt., L.P.*, 957 F. Supp. 1308, 1324 (S.D.N.Y. 1997) ("Courts applying New York law generally have found that the question of a plaintiff's reasonable reliance raises issues of fact that should not be resolved on a motion to dismiss.").

Tantech has met its requirement with respect to both its fraudulent inducement and fraud counterclaims by alleging -- in detail -- how it reasonably relied on plaintiff's misrepresentations and omissions in entering into the Agreement and, with respect to its fraud counterclaim, in terminating its relationship with Burnham. *See, e.g.*, C.C. ¶¶ 29-35, 43, 51-52, 63-64.  Tantech relied on Luckman's repeated representations at meetings in June and July 2013 regarding his employment by Burnham and Burnham's required compensation for underwriting the IPO. *See, e.g.*, ¶¶ 8-12, 14-22.  Tantech sought only to hire Burnham and, as a result of Luckman's statements, reasonably believed that it was hiring only Burnham and thus was fraudulently induced to enter into the Agreement. *See, e.g.*, C.C. ¶¶ 32-35, 51, 63.  In addition, in November 2013, after entering into the Agreement, Luckman represented explicitly to Tantech that he was providing services to Tantech solely on behalf of Burnham. *See* C.C. ¶ 39.  Tantech reasonably

---

[1]    Plaintiff appears to argue only that Tantech's counterclaim for fraudulent inducement should be dismissed for failure to allege reasonable reliance, not its fraud counterclaim.  *See* Opposition Memo at 6.  In any event, as explained below, Tantech adequately alleges reasonable reliance with respect to both counterclaims.

relied on this representation too and believed that, by terminating its relationship with Burnham, it had terminated its relationship with plaintiff.  *See* C.C. ¶ 43.

Contrary to plaintiff's arguments (*see* Opposition Memo at 5-6), the general merger clause in the Agreement does not preclude Tantech from proving reasonable reliance on plaintiff's extra-contractual representations.  *See Sabo v. Delman*, 3 N.Y.2d 155, 161 (1957) (explaining that a party is not precluded from showing that a contract was induced by fraud even where the contract contains a general merger clause because "if it were otherwise, a defendant would have it in his power to perpetrate a fraud with immunity, depriving the victim of all redress, if he simply has the foresight to include a merger clause in the agreement.").  In fact, courts in this District have sustained fraud claims, despite the existence of a general merger clause.  *See, e.g.*, *CCM Rochester, Inc. v. Federated Inv'rs, Inc.*, No. 14 Civ. 3600 (VEC), 2014 WL 6674480, at *4 (S.D.N.Y. Nov. 25, 2014) (holding reasonable reliance adequately alleged because "general merger clause disclaiming any representation whatsoever does not preclude [plaintiff] from pleading reasonable reliance on specific representations by [defendant] that allegedly induced it to accept [defendant's] acquisition proposal"); *Dovitz v. Rare Medium Grp., Inc.*, No. 01 Civ. 10196 (LLS), 2003 WL 1057426, at *3 (S.D.N.Y. Mar. 10, 2003) (declining to dismiss fraud claim because "whether the merger clause bars plaintiffs' claims that they reasonably relied on the defendants' statements involves issues of fact, rather than of pleading").

In addition, as to Tantech's fraud counterclaim, the claim relies on certain statements made *after* execution of the Agreement, to which the merger clause cannot apply.  For example, in November 2013, at a meeting in Shanghai that Luckman attended on behalf of Burnham, Luckman represented to Tantech that he was providing services to Tantech solely on behalf of Burnham.  *See* C.C. ¶¶ 27-40.

Plaintiff's cited cases are distinguishable. *See* Opposition Memo at 5. For example, in *Wurtsbaugh v. Banc of Am. Sec. LLC*, the Court dismissed plaintiff's fraud claim as duplicative of its breach of contract claim. *See* No. 05 Civ. 6220 (DLC), 2006 WL 1683416, at *6-7 (S.D.N.Y. June 20, 2006). Here, Tantech does not assert a counterclaim for breach of contract. Another example is *Junk v. Aon Corp.*, which is similarly inapposite. *See* No. 07 Civ. 4640 (LMM), 2007 WL 4292034, at *1, 3, 7 (S.D.N.Y. Dec. 3, 2007). There, plaintiff, a disgruntled employee who had been terminated, claimed that he had been fraudulently induced to enter into an employment contract in reliance upon the employer's statements about the employer's business and length of the plaintiff's possible employment. *See id.* The court held that reliance was unreasonable because plaintiff signed an at-will employment contract, which contradicted the employer's representations. *See id.* Moreover, while the court dismissed the fraudulent inducement claim, it sustained plaintiff's related fraud claim. *See id.* at 7-8. Here, unlike in *Junk*, no such contradiction exists between the Agreement and Tantech's belief about plaintiff's affiliation with Burnham. Finally, plaintiff cites to *Robinson v. Deutsche Bank Trust Co. Americas* (*see* Opposition Memo at 5), which limits *Junk* to its facts. *See* 572 F. Supp. 2d 319, 323-24 (S.D.N.Y. 2008) (holding that, unlike in *Junk*, plaintiff had alleged reasonable reliance because alleged oral statements were not contradicted by terms of the employment contract).

Tantech has alleged reasonable reliance on plaintiff's misrepresentations and omissions, and the presence of the general merger clause in the Agreement is insufficient to defeat Tantech's allegations on this motion. *See CCM Rochester, Inc.*, 2014 WL 6674480 at *4 (holding merger clause did not bar fraud claim); *Dovitz*, 2003 WL 1057426 at *3 (sustaining fraud claim despite merger clause). Accordingly, Tantech's motion to amend its answer to add counterclaims for fraud and fraudulent inducement should be granted in its entirety.

## II.    The Amendment to Add Counterclaim-Defendant Should be Allowed

Under Rule 21 of the Federal Rules of Civil Procedure, a party may be added "at any time, on just terms."  Fed. R. Civ. P. 21; *see Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 507 (S.D.N.Y. 2013) ("[J]oinder of additional parties is appropriate 'at any time, on just terms.'"); *Lawrence v. Starbucks Corp.*, No. 08 Civ. 3734 (LTS), 2009 WL 4794247, at *2 (S.D.N.Y. Dec. 10, 2009) ("[A] party may be added to an action 'at any time, on just terms.'"). As plaintiff recognizes, "[i]n deciding whether to permit joinder, courts apply the same standard of liberality afforded to motions to amend pleadings under Rule 15."  *Lawrence*, 2009 WL 4794247 at *2 (internal citation and quotation marks omitted); *Salomon*, 960 F. Supp. 2d at 507 (explaining that the "lenient standard under Rule 15(a)" applies); *see* Opposition Memo at 6.

Here, plaintiff devotes less than half a page of its brief to any substantive argument against joinder.  *See* Opposition Memo at 6.  It is unclear whether plaintiff even is arguing that joinder of Luckman would result in prejudice.  *See id.*  If that is what plaintiff is arguing, it fails to specify -- in any way whatsoever -- what that prejudice would be.  *See id.*  Joinder of Luckman should be allowed for this reason alone.

In addition, there would be no prejudice.  It is early in this case.  The parties only recently attended the initial pre-trial conference with the Court, and this motion to amend was filed in accordance with the Court's November 30, 2015 deadline.  No documents have been exchanged, and no depositions have been noticed.  The addition of Luckman as a party will cause no disruption to the litigation and will not affect the scope of discovery because Luckman is a principal or senior office of plaintiff, and his documents, emails and testimony would be the primary focus of Tantech's discovery even if he were not a party.  Adding Luckman as a Counterclaim-Defendant will "enable the court to promote judicial economy by permitting all

reasonably related claims for relief by or against different parties to be tried in a single proceeding." *See Am. Home Assur. Co. v. Merck & Co.*, No. 03 Civ. 3850 (VM), 2004 WL 2149103, at *2 (S.D.N.Y. Sept. 24, 2004) (internal quotation marks omitted).

Moreover, plaintiff's cursory one sentence statement that joinder should be denied because the counterclaims fail to state a claim upon which relief may be granted is equally without merit for the reasons above. *See* Opposition Memo at 6. Plaintiff's cases are not to the contrary.[2] For the reasons detailed above, the addition of Luckman as a Counterclaim-Defendant in connection with Tantech's counterclaims should be allowed.

## CONCLUSION

For the reasons set forth above, Tantech Holdings, Ltd. respectfully requests that its Motion for Leave to Amend its Answer to Add Counterclaims and a Counterclaim-Defendant be granted in its entirety.

Dated: New York, New York        **SULLIVAN & WORCESTER LLP**
        December 29, 2015

                                           By:    /s/Harry H. Rimm
                                               Harry H. Rimm
                                               Clark Freeman

                                       1633 Broadway
                                       New York, New York 10019
                                       Telephone: (212) 660-3000
                                       Facsimile: (212) 660-3001
                                       Email: hrimm@sandw.com
                                                     cfreeman@sandw.com

                                       *Attorneys for Defendant Tantech Holdings, Ltd.*

---

[2] *See Sheldon v. PHH Corp.*, No. 96 Civ. 1666 (LAK), 1997 WL 91280, at *9 (S.D.N.Y. Mar. 4, 1997) (denying joinder due to prejudice because case had been transferred to new venue after fact finding process in which party to be joined had not had the opportunity to participate); *Kaminsky v. Abrams*, 41 F.R.D. 168, 171 (S.D.N.Y. 1966) (allowing joinder because "it [is] not possible to say that no cause of action exists" against parties to be joined and "[d]efendants have not made out a sufficient showing of prejudice by such amendment and addition of parties, whereas the addition of such new defendants . . . could well avoid a multiplicity of suits").